```
 1  John A. Vogt, Bar No. 198677
    javogt@jonesday.com
 2  Ryan D. Ball, Bar No. 321772
    rball@jonesday.com
 3  Matthew T. Billeci, Bar No. 329014
    mbilleci@jonesday.com
 4  JONES DAY
    3161 Michelson Drive, Suite 800
 5  Irvine, California  92612.4408
    Telephone:  +1.949.851.3939
 6  Facsimile:  +1.949.553.7539

 7  Attorneys for Defendant
    KEENAN & ASSOCIATES
 8
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ARAYIK SHAHBAZIAN, individually, and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>KEENAN & ASSOCIATES,<br><br>Defendant. | Case No.  2:24-cv-1742<br><br>[Removed from Los Angeles Superior Court, Case No. 24STCV03568]<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, 1446, AND 1453**<br><br>**[CAFA JURISDICTION]**<br><br>Complaint filed:      February 9, 2024 |
|---|---|

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that, Defendant KEENAN & ASSOCIATES ("Keenan") hereby removes the above-captioned action from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and there are more than 100 putative class members.

In support of this removal, Keenan states the following:

## CLAIMS ASSERTED IN COMPLAINT

1. On February 9, 2024, Plaintiff Arayik Shahbazian, on behalf of herself and all others similarly situated, filed a Class Action Complaint in the Superior Court of California, County of Los Angeles, (the "State Court Action"), Case No. 24STCV03568. Keenan is the named Defendant in the state court action.

2. In the Complaint, Plaintiff asserts claims for: (1) Negligence; (2) Breach of Implied Contract; (3) Unjust Enrichment; (4) Violation of California Unfair Competition Law, Business and Professions Code Section 17200, *et seq.*; (5) Violation of California Consumer Records Act, Cal. Civ. Code Section 1798.80, *et seq.*; (6) California Consumer Privacy Act ("CCPA"), Cal. Civ. Code §§ 1798.100, *et seq.*; and (7) Declaration and Injunctive Relief. Complaint, ¶¶ 109-196.

3. Plaintiff seeks to certify a class of "[a]ll individuals residing in California whose Private Information was actually or potentially accessed or acquired during the Data Breach event, which is the subject of the Notice of Data Breach issued by the Defendant to the Plaintiff and Class Members on or around January 26, 2024." Complaint, ¶ 97.

4. Plaintiff seeks injunctive relief, statutory damages, compensatory damages, punitive damages, and attorneys' fees and costs. *See generally id.*

**COMPLIANCE WITH STATUTORY REQUIREMENTS**

5.  The Complaint in the State Court Action was filed with the Clerk of the Superior Court of California, County of Los Angeles on February 9, 2024.

6.  In a letter dated February 9, 2024, Plaintiff served Keenan with notice of her lawsuit as well as a copy of the Complaint. On February 28, 2024, Plaintiff served upon Keenan a notice regarding the Initial Status Conference Order.

7.  This Notice of Removal is being filed with this Court within 30 days after Defendant received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based. *See* 15 U.S.C. § 1446(b)(1) (providing for removal "30 days after the receipt by the defendant . . . of a copy of the initial pleading"); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210 (D. Haw. 2010) ("Although the deadline for removal is measured from the defendant's formal receipt of the complaint, . . . there is no statutory requirement that a defendant must formally receive the complaint before removing the case. (citations omitted)); *In re Johnson & Johnson cases*, 2015 WL 5050543, at *8 n.8 (C.D. Cal. Aug. 24, 2015).

8.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders entered in the State Court Action is attached hereto as **Exhibit A**.

9.  Promptly after the filing of this Notice of Removal, Keenan will provide written notice of removal of this action to Plaintiff through his attorneys of record in the State Court Action, and will file a copy of this Notice of Removal and all other necessary documents with the Clerk of the Superior Court of California, County of Los Angeles in the State Court Action, as required by 28 U.S.C. § 1446(d). A copy of Keenan Notice to State Court and Adverse Party of Removal from State Court to the United States District Court of the Central District of California (without exhibits) is attached to this Notice of Removal as **Exhibit B**.

10. By filing this Notice of Removal, Keenan does not waive any defense to the Complaint, including, but not limited to, lack of service, improper service, or lack of personal jurisdiction.

## VENUE AND INTRADISTRICT ASSIGNMENT

11. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) because the Complaint was filed in this District. Pursuant to 28 U.S.C. § 1441(a), this case may properly be removed to the Southern District of California because Plaintiff filed this case in the Superior Court of California, County of Los Angeles.

## JURISDICTION: CAFA JURISDICTION

12. This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA")). Federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant"; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "the number of members of all proposed plaintiff classes in the aggregate is" 100 or more. 28 U.S.C. § 1332(d)(2), (d)(3), (d)(5)(B). This is a putative class action. *See e.g.*, Complaint ¶¶ 97-108. As set forth below, all additional requirements to establish jurisdiction pursuant to CAFA are satisfied in this case.

### I.  MINIMAL DIVERSITY EXISTS

13. In this matter, minimal diversity exists because Keenan and members of the alleged putative class are citizens of different states. 28 U.S.C. § 1332(d)(2)

14. Under CAFA, the minimal diversity requirement is satisfied when: (1) at least one plaintiff is a citizen of a state in which none of the defendants are citizens; (2) at least one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen; or (3) at least one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. *See* 28 U.S.C. § 1332(d)(2). "Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) (citing 28 U.S.C. § 1332(d)(2)(A)).

15. Keenan is incorporated in California with its principal place of business in California. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding that a corporation is "deemed to be a citizen of any State [] by which it has been incorporated and of the State [] where it has its principal place of business." (quoting 28 U.S.C. §1332(c)(1))). Keenan is therefore a citizen of California for diversity-jurisdiction purposes.

16. "To be a citizen of a state, a natural person must first be a citizen of the United States . . . [Her] state citizenship is then determined by her state of domicile[.]" *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). One's domicile is her "permanent home"—that is, where (i) she resides, (ii) "with the intention to remain or to which she intends to return." *Id*. "That a[n] [individual] may have a residential address in California does not mean that person is a citizen of California." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) (citing *Kanter*, 265 F.3d at 857).

17. Plaintiff seeks to certify a class of "[a]ll individuals residing in California whose Private Information was actually or potentially accessed or acquired during the Data Breach event[.]" Complaint, ¶ 97. While Plaintiff's class definition is limited to California residents, that does not mean that the class is limited to California *citizens*. *See Mondragon*, 736 F.3d at 884. Moreover, Plaintiff asserts that the data breach impacted approximately 1.5 million individuals, Complaint, ¶ 100, and publicly available information indicates that individuals living across the country, including Maine, were purportedly affected.[1] Accordingly, given the scope of the alleged data breach, Keenan is informed and believes, and on that basis alleges, that numerous class members are citizens of states other than California. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A party's allegation of minimal diversity may be based on 'information and belief.'" (citation omitted)).

---

[1] Data Breach Entry, OFF. OF MAINE ATT'Y GEN., https://apps.web.maine.gov/online/aeviewer/ME/40/21846091-dc71-4ecc-9db8-a3be3e84a7d0.shtml (last visited March 2, 2024).

18.    For minimal diversity to exist, one plaintiff must be diverse from one defendant. 28 U.S.C. § 1332(d)(2)(A). Here, members of the alleged putative class are not citizens of California, and therefore diverse from Keenan. The minimal diversity requirement is therefore satisfied. *See* 28 U.S.C. § 1332(d)(2).

## II.    THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

19.    To remove a class under CAFA, the total amount-in-controversy must exceed $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) ("Amount at stake does not mean likely or probable liability; rather, it refers to possible liability.") (internal citation and quotation marks omitted).[2]

20.    Though Keenan concedes neither liability on Plaintiff's claims nor the propriety of breadth of any class as alleged by Plaintiff, the Complaint places in controversy a sum greater than $5,000,000. *See generally* Complaint; 28 U.S.C. § 1332(2).

21.    Plaintiff and the putative class seek statutory damages for a variety of claims, which, if recovered, would exceed $5,000,000. *Doe v. MKS Instruments, Inc.*, 2023 WL 5351935 (C.D. Cal. Aug. 21, 2023) (finding CAFA amount-in-controversy satisfied based on potential damages recoverable under CCPA and CMIA).

22.    For example, Plaintiff and the putative class seek statutory damages for each alleged violation of the CCPA. Complaint, ¶¶ 173-183. The CCPA imposes

---

[2] In alleging the amount in controversy for purposes of removal, Keenan does not concede or acknowledge in any way that the allegations in the Complaint are accurate or that either Plaintiff or any proposed class member is entitled to any amount under any claim or cause of action. Nor does Keenan concede or acknowledge that any class may be certified, whether as alleged or otherwise, or than any or all of the proposed class members are entitled to any recovery in this case, or are appropriately included in the putative class.

statutory damages not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident or actual damages, whichever is greater per violation. *See* Cal. Civ. Code § 1798.150(b)..

23. Plaintiff seeks to certify a class that exceeds 1.5 million individuals. Accordingly, the alleged statutory damages under the CCPA for a 1.5 million class, in the aggregate, easily exceed $5,000,000 (1.5 million x $100 = $150,000,000).

24. In addition, Plaintiff seeks recovery of attorneys' fees in this putative class action, which amounts are also included in the amount in controversy for purposes of CAFA jurisdiction.[3] *See Arias v. Residence Inn by Marriot*, 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." (citing *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018))).

25. Thus, this dispute exceeds the minimum amount-in-controversy requirement for jurisdiction pursuant to CAFA.[4]

### III. PLAINTIFF ALLEGES A PROPOSED CLASS THAT EXCEEDS 100 MEMBERS

26. Based on the allegations in the Complaint, the number of putative class members exceeds 100. 28 U.S.C. § 1332(d)(5)(B).

27. Indeed, Plaintiff alleges that "there are in excess of 1.5 million individuals whose Private Information was improperly accessed in the Data Breach[.]" Complaint, ¶ 100. Accordingly, the Complaint sufficiently alleges that the proposed class exceeds 100 members.

---

[3] Keenan does not concede or acknowledge in any way that Plaintiff or any proposed class member is entitled to recovery of any fees and costs in this case.
[4] If challenged, Keenan reserves the right to offer evidence to establish the amount in controversy on all claims alleged in the Complaint. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020).

WHEREFORE, Keenan notices the removal of this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441 *et seq.*

Dated: March 3, 2024                    JONES DAY

By: */s/ Matthew T. Billeci*
    Matthew T. Billeci

Attorneys for Defendant
KEENAN & ASSOCIATES